John J. Kane (State Bar No. 24066794)
**KANE RUSSELL COLEMAN LOGAN PC**
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Fax: (214) 777-4299
Email: jkane@krcl.com

**ATTORNEY FOR DEFENDANT**
**HNGH TURTLE CREEK, LLC**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| 2999TC ACQUISITIONS, LLC | § | Case No. 21-31954-swe11 |
| Debtor, | § | |
| | § | |

| | | |
|---|---|---|
| 2999TC ACQUISITIONS, LLC | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. Proceeding No. 22-03061 |
| | § | |
| HNGH TURTLE CREEK, LLC | § | |
| Defendant. | § | |

**DEFENDANT HNGH TURTLE CREEK LLC'S MOTION TO DISMISS ADVERSARY PROCEEDING**

Defendant HNGH Turtle Creek LLC ("**Defendant**") files its motion to dismiss the present adversary proceeding (the "**Motion**") pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure made applicable by Fed. R. of Bankr. P. 7012(b)(5) for failing to serve Defendant with the summons and as moot for lack of a live controversy. Therefore, Defendant respectfully moves this Court to

dismiss 2999 TC Acquisitions, LLC's (the "**Debtor**" and "**Plaintiff**") Complaint[1] with prejudice and, in support of its Motion, Defendant respectfully shows the Court as follows:

## BACKGROUND FACTS

1. On June 3, 2022, Defendant filed its *Motion to Enforce Agreed Orders* (the "**Motion to Enforce**") in the Debtor's main case (the "**Bankruptcy Case**") [Dkt. No. 134] in an effort to enforce certain agreed orders (located at Dkt. Nos. 64, 94, the "**Agreed Orders**") against the Debtor. With the Debtor's agreement, this Court set the Motion to Enforce for hearing beginning on June 10, 2022 (the "**Enforcement Hearing**").

2. On June 9, 2022, the Debtor filed a Complaint against Defendant seeking damages purportedly incurred as a result of alleged breaches of the Agreed Orders by Defendant, and requesting a declaratory judgment that (a) the Plaintiff Debtor is the rightful owner of title to the Property[2] and (b) that the Lis Pendens[3] filed by Debtor is valid. COMPLAINT, ¶¶ 36, 38.

3. Perhaps in acknowledgement that the Complaint raised matters already before the Court in the Enforcement Hearing, the Debtor never took any action to serve a summons and the Complaint on Defendant.

4. During the following four and a half months, this Court heard the Motion to Enforce, presided over the Enforcement Hearing, and on September 28, 2022, issued its *Order (a) granting in part and denying in part HNGH Turtle Creek, LLC's Motion to Enforce Agreed Orders; (b) denying the Debtor's plan-related motions; and (c) granting and denying ancillary relief* (the "**Enforcement Order**") [Dkt. No. 283]. The Enforcement Order addresses each of the substantive allegations addressed the Complaint, rendering it moot.

---

[1] 2999TC Acquisitions, LLC's Original Complaint for Breach of Contract and Declaratory Relief, Adv. No. 22-03061, June 9, 2022, ECF No. 1.
[2] The Property is a parcel of land located at 2999 Turtle Creek Boulevard in Dallas, Texas.
[3] On November 5, 2021, the Debtor recorded a lis pendens against the Property in the Official Public Records of Dallas County, Texas, as Instrument No. 202100333511 (the "**Lis Pendens**").

## GROUNDS FOR DISMISSAL

5. Rule 12(b)(5) permits a challenge for failing to effectuate service of the summons and complaint. *See* Fed. R. Civ. P. 12(b)(5); *Bunch v. Mollabashy*, No. 3:13-CV-1075-G BH, 2015 WL 1378698, at *4(N.D. Tex. Mar. 26, 2015). Rule 4(m) of the Federal Rules of Civil Procedure, made applicable by Federal Rule of Bankruptcy Procedure 7004(m), requires a defendant to be served a summons with a copy of the complaint within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). In the absence of service, Rule 4(m) provides that "the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant." *Id.* To date, the Defendant has not been served with a summons. As a result, the Complaint ***must*** be dismissed for failure to properly effectuate service. Additionally the Complaint should be dismissed as moot for lack of a live controversy.

6. Generally, "any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). On September 28, 2022, this Court entered its Enforcement Order in which the court determined that Plaintiff's breach of contract arguments fail,[4] ruled Defendant the owner of the Property,[5] and declared the Lis Pendens invalid.[6]

7. As noted by the Court, the allegations in the Complaint largely mirror the Plaintiff's allegations and arguments made in response to the Motion to Enforce and rely on the same facts.[7] Since those allegations and facts were considered by the Court in its Order and aptly decided in favor of Defendant, there remains no live issue or dispute for determination. *AT&T Communications of Sw.,*

---

[4] Order at 22-45.
[5] *Id.* at 48.
[6] *Id.*
[7] *Id.* at 16-17.

*Inc. v. City of Austin*, 235 F.3d 241, 243 (5th Cir. 2000) ("[a] case is moot 'if the issues presented are no longer live.'") (citation omitted). Accordingly, the Complaint should be dismissed with prejudice.

**WHEREFORE,** Defendant HNGH Turtle Creek, LLC respectfully prays that the Court grant its Motion in its entirety for the reasons stated herein, and dismiss the Complaint with prejudice. In addition, Defendant prays the Court and grant such other relief, at law or in equity, to which Defendant may be entitled.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/John J. Kane*
John J. Kane
State Bar No. 24066794
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Fax: (214) 777-4299
Email: jkane@krcl.com

**ATTORNEY FOR DEFENDANT**
**HNGH TURTLE CREEK, LLC**

**CERTIFICATE OF SERVICE**

This is to certify that on the 12th day of October, 2022, a true and correct copy of the foregoing has been served by ECF and forwarded to opposing counsel Joyce W. Lindauer, Joyce W. Lindauer Attorney, PLLC at joyce@joycelindauer.com.

*/s/John J. Kane*
John J. Kane